

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

XXXXXXXXXXSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Forrester Hancock
Criminal District Attorney
Waxahachie, Texas

Dear Sir:

Attention:  Honorable F.L. Wilson,
Assistant.

Opinion No. 0-3703
Re:  Can a county commissioner who
takes road bond money voted in
one road district and spends it
in another road district be suc-
cessfully prosecuted under Art.
94, P. C.?

In your letter of June 12, 1941, you request the opinion
of this department upon the above stated question.  We quote
the following statement taken from your letter, material to the
above question:

"The facts are that a certain county commis-
sioner is alleged to have taken about $2000.00
of bond money, voted and belonging to Road Dis-
trict X, and expended it in Road District Y.  The
people of Road District Y are very much displeased
and some of them desire to bring the matter be-
fore the Grand Jury.  The money can not be repaid,
it seems."

Article 94 of Vernon's Annotated Penal Code provides:

"Whoever shall wilfully borrow, withhold or in
any manner divert from its purpose, any special
fund, or any part thereof, belonging to or under
the control of the State, which has been set apart
by law for a specific use, shall be confined in
the penitentiary not less than two nor more than
ten years."

The foregoing penal provision expressly relates to the
diversion of any part of or the whole of any special fund "be-
longing to or under the control of the State, which has been
set apart by law for a specific use."  This article has been
brought down from the Penal Code of Texas, 1911, in substantial-

ly the same language as when originally adopted. It seems clear that the article only relates to State funds, under the direct control of the Legislature for State purposes. We find no case applying or construing this provision of our criminal laws. Our attention is called, however, by the publishers of the 1911 Penal Code of Texas, to Article 8, Sec. 7 of the Constitution of Texas and upon viewing this provision of our Constitution brought forward from that adopted in 1876, it is evident that the article was enacted by the Legislature in pursuance to this constitutional mandate for the purpose of better safe-guarding special funds which may or ought to come into the Treasury of the State.

Funds derived from the sale of road district bonds do not constitute funds belonging to or under the control of the State.

It is therefore the opinion of this department that Article 94 of Vernon's Annotated Penal Code has no application to a diversion of funds derived from the sale of road district bonds under the control of the counties.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Wm. J.R. King
Wm. J.R. King
Assistant

WJRK:RS:wc

APPROVED JUL 7, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman